NO. 07-10-00071-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
JUNE 11, 2010
--------------------------------------------------------------------------------

 
 CITY OF LUBBOCK, APPELLANT
 
 v.
 
 LARRY ACKERS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2006-533,594; HONORABLE RUBEN GONZALES REYES, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION
 
Appellant, City of Lubbock, appeals from a Final Judgment declaring a practice of the City to be unconstitutional and void, finding that the City took appellee's, Larry Ackers, property in violation of the Texas Constitution, and awarding Ackers $116,000 in attorney's fees. While the trial of this cause was duly recorded by the Official Court Reporter for the 72[nd] District Court of Lubbock County, the reporter has attested that, due to a computer malfunction, a large portion of the transcript of the trial has been lost. According to Texas Rule of Appellate Procedure 34.6(f), an appellant is entitled to a new trial if (1) the appellant has timely requested a reporter's record, (2) without the appellant's fault, a significant portion of the recording has been lost or destroyed or is inaudible, (3) the lost, destroyed, or inaudible portion of the record is necessary to the appeal's resolution, and (4) the parties cannot agree on a replacement for the lost, destroyed, or inaudible portion of the reporter's record. See Tex. R. App. P. 34.6(f). 
 On June 2, 2010, this Court informed the parties of the affidavit received from the official court reporter and directed appellant to certify whether the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution and whether the parties have been able to reach an agreement concerning a replacement for the lost or destroyed portion of the reporter's record. In response, the City filed a Motion to Remand for New Trial in which it certifies that the lost portions of the reporter's record are necessary to the appeal's resolution and that the parties are unable to agree on a complete reporter's record.
 In view of the circumstances present in this case, we conclude that the elements of Rule 34.6(f) exist at bar. Consequently, we grant the City's motion, reverse the judgment, and remand the cause for a new trial.

 Mackey K. Hancock
 Justice